**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIRLEY ANN PERRY,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 14-15752

D.C. No. 1:12-cv-02089-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted April 12, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Shirley Perry appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits. The administrative law judge ("ALJ") found that Perry was not

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

disabled because she had the residual functional capacity ("RFC") to perform her past relevant work and to perform other work that exists in significant numbers in the national economy. We review the district court's decision de novo and will uphold the Social Security Administration's disability determination "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The ALJ committed two common legal errors in his disposition of Perry's claim. First, the ALJ failed to provide specific and legitimate reasons for discounting the opinions of Perry's treating physicians. In determining Perry's RFC, the ALJ assigned "little weight" to the medical opinion of Perry's treating doctor, Dr. Ossowski, on the sole basis that he opined as to an issue reserved to the Commissioner. While an ALJ is not bound by a treating physician's opinion as to issues reserved to the Commissioner, he cannot reject the doctor's uncontroverted opinion without providing "clear and convincing reasons for doing so." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). Even if the ALJ determines that the opinion is contradicted by other evidence in the record, he must still provide "specific and legitimate reasons" for rejecting it. *Id.* Here, the failure to provide any such reasons was harmful legal error, as it led the ALJ to ignore Dr.

Ossowski's opinion about the severity of Perry's foot and ankle impairment and the impact on her ability to work of the cane he proscribed for her use.

Similarly, the ALJ gave "no weight" to "many [other] opinions in the record"—opinions which he did not specifically identify—because they either addressed an issue reserved to the Commissioner or "were given for short periods of time and replaced by permanent restrictions." As explained above, the first reason is clearly improper. The alternative reason is not supported by the record and is too vague for proper review. In either case, the ALJ rejected the opinions of Perry's treating and examining physicians without explaining why "his own interpretations . . . rather than the doctors['], are correct." *Reddick*, 157 F.3d at 725. The failure to do so was harmful legal error because at least one of those "many opinions" was the opinion of Dr. Hansen, Perry's treating orthopedist, who opined that Perry's impairments prevented her from doing many of the activities that the ALJ in his RFC described her as capable of performing. Rather than give Dr. Hansen's opinion its appropriate weight, the ALJ relied almost exclusively on

3

the opinion of a non-treating, non-examining physician, an opinion that was contradicted by nearly every other opinion in the record.[1]

Second, the ALJ determined that Perry's statements about the intensity, persistence and limiting effects of her symptoms were "not credible to the extent that they are inconsistent with the" RFC finding adopted by the ALJ. Such a "boilerplate" statement is insufficient for an adverse credibility finding. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Instead, the ALJ must specifically identify the testimony that he found not credible and identify the evidence and rationale upon which his adverse determination is based. *Id.* Additionally, the ALJ's reference to Perry's stated distaste for work could not alone support an adverse credibility finding. *See Burrell v. Colvin*, 775 F.3d 1133, 1139–40 (9th Cir. 2014).

Because the ALJ's decision is marked by prejudicial legal error, we reverse. The vocational expert's testimony suggested that, if credited, the improperly disregarded opinions and testimony would likely have compelled a finding of

---

[1] The ALJ may also have ignored the opinion of Dr. Jensen who diagnosed Perry with fibromyalgia. The ALJ makes no mention of this impairment when determining whether Perry has any severe impairments at step two of his analysis, and he only refers in passing to the impairment at step four. Accordingly, it is not clear on this record whether the ALJ considered what impact, if any, the fibromyalgia might have on Perry's RFC.

4

disability.  However, given the conflicting evidence in the record, we remand to the district court with instructions to remand the case to the ALJ for reconsideration, including any further proceedings not inconsistent with our disposition that may be appropriate.  *See Treichler*, 775 F.3d at 1101.

**REVERSED AND REMANDED.**